HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTHONY Z. JENKINS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

NO. C04-5124 RBL
CR00-5699 RBL

ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT AND ORDER PURSUANT TO FED. R. CIV. P. 60(b)(4) & (6)

    The matter is before the Court on Petitioner's Motion for Relief from Judgment and Order Pursuant to Fed. R. Civ. P. Rule 60(b)(4) & (6). [Dkt. #13 & 14]. The Court previously considered the petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2255 [Dkt. # 1], and on June 22, 2004, denied the petition by Order, ruling that the petitioner's motion to vacate lacked merit and no evidentiary hearing on the motion was required. [Dkt. #6]. The Court has reviewed the pleadings filed in support of the motion for relief from judgment, as well as those filed in support of and opposition to the petitioner's petition pursuant to 28 U.S.C. § 2255, and the remainder of the record and files herein. For the reasons set forth below, Petitioner's motion for relief from judgment and order is DENIED.

    Petitioner argues that he is entitled to relief from judgment and order pursuant to Fed. R. Civ. P. Rule 60(b)(4) & (6) because the Order entered on June 22, 2004, is void and for "any other reason justifying relief

ORDER
Page - 1

from the operation of judgment." A judgment is void only if the court that rendered it lacked subject matter or personal jurisdiction or "acted inconsistent with due process of law." In re Center Wholesale, Inc., 759 F.2d 1440, 1448 (9th Cir. 1985) (citing C. Wright & A. Miller, Federal Practice & Procedure, § 2862 at 197 (1973)); see also Winhoven v. United States, 201 F.2d 174, 175 (9th Cir. 1952).

Petitioner argues that the judgment is void because the "only evidentiary item [petitioner's affidavit] was overlooked or disregarded in violation of Petitioner's right to Due Process." Petitioner also argues that the judgment is void because the Court only ruled on the two claims set forth in the petitioner's memorandum and failed to rule on petitioner's third claim asserted in his attached affidavit. Petitioner does not challenge the jurisdiction of the Court.

There is no evidence that the Court overlooked or disregarded the petitioner's affidavit, and the petitioner's affidavit does not assert a third ground for relief. The Court stated in its Order denying petitioner's 28 U.S.C. § 2255 petition that before entering the Order, it "considered the petitioner's motion,..and the entirety of the record and files herein...." [Dkt. # 6 at p. 1]. The affidavit in support of petitioner's § 2255 petition was merely the petitioner's sworn affirmation of facts and did not assert a third claim for relief. Therefore, the Court finds that it did not act a matter inconsistent with due process, and the Court's Order of June 22, 2004, was a ruling on all of the petitioner's grounds for relief.

Petitioner also argues that the Order of June 22, 2004, is void for "any other reason justifying relief from the operation of judgment." However, petitioner has not set forth in his motion any other reason that would justify relief other than the reason that the Court's judgment is void.

The Court finds that there is no other reason that would justify relief from the Order of June 22, 2004, denying petitioner's 28 U.S.C. § 2255 petition.

The Court finds that petitioner has failed to show that he was denied due process or that the Court lacked jurisdiction to decide this matter and, thus, has failed to show that the June 22, 2004, Order denying petitioner's motion to vacate is void. Petitioner has also failed to show any other reason that would justify relief from the June 22, 2004, Order. Therefore, petitioner's motion for relief from judgment and order [Dkt. # 13 & 14] is DENIED.

Petitioner's Motion for Leave to File Reply to Any Government's Response to Petitioner's Supplement/Amendment on his Outstanding Claim [Dkt. #15], Motion for Evidentiary Hearing on Petitioner's

1  § 2255 Motion's Outstanding Claim [Dkt. # 16], Motion for Leave to Supplement § 2255 Motion [Dkt. # 17],
2  and to Amend, and Motion for Appointment of Counsel [Dkt. # 18] are DENIED as moot.
3  IT IS SO ORDERED.
4  Dated this 16th day of January, 2008.

                                                  _____
                                                  RONALD B. LEIGHTON
                                                  UNITED STATES DISTRICT JUDGE